UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

MARCUS DION MCKOY,
　　　　　　*Defendant-Appellant.*

No. 00-4702

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-57-HO)

Submitted: September 28, 2001

Decided: October 26, 2001

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Mary Jude Darrow, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marcus Dion McKoy was named in a one-count superseding indictment charging him with possession with intent to distribute approximately ninety-seven grams of cocaine base, and aiding and abetting possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C.A. § 841(a)(1) (West 1999). McKoy was convicted by a jury and sentenced to 174 months incarceration and five years of supervised release. Before McKoy's trial, the district court denied his motion to suppress evidence seized from a search of his residence, which police conducted after obtaining a search warrant. McKoy has timely appealed his conviction, arguing the district court erred in denying his motion to suppress. We disagree.

This Court reviews the district court's findings on a denial of a motion to suppress for clear error and its legal conclusions de novo, *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992), construing the evidence in the light most favorable to the party who prevailed below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Great deference should be accorded a magistrate judge's assessment of the facts in determining probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

First, McKoy has failed to establish a deficiency existed in either the police affidavit used to secure the search warrant, or in the search warrant itself. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Second, McKoy has failed to establish the police violated the Fourth Amendment in executing the warrant. *United States v. Lalor*, 996 F.2d 1578, 1584 (4th Cir. 1993).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*